# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **MARTIN L. PARKS, #454483,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO.** |
| **v.** | § | |
| | § | **SA-11-CV-1094-FB (NN)** |
| **BEXAR COUNTY ADULT** | § | |
| **DETENTION CENTER,** | § | |
| | § | |
| **Defendants.** | § | |

## REPORT AND RECOMMENDATION

**TO:    Honorable Fred Biery**
**Chief United States District Judge**

This report and recommendation recommends dismissing this case under 28 U.S.C. 1915(e) as time-barred and as barred by the judgment in another case.  Section 1915(e) directs the district court to dismiss an in forma pauperis case if the court determines the case fails to state a claim on which relief may be granted.  This provision applies to this case because the plaintiff proceeded in forma pauperis[1] and because this case fails to state a claim upon which relief may be granted.

Plaintiff Martin Parks is an inmate at the Bexar County Detention Center.  On December 19, 2011, Parks initiated this lawsuit complaining about a strip search following an arrest on a misdemeanor charge.  Parks complained that the search occurred against his

---

[1]Docket entry # 1 (seeking leave to proceed without advance payment of costs).

will.  Parks did not identify a legal theory for his claim, but his complaint implicates the Fourth Amendment's protection against unreasonable searches.  A plaintiff may pursue a claim in federal court for an alleged violation of the Fourth Amendment's protection against unreasonable searches under section 1983.[2]

"The limitations period for a claim brought under section 1983 is determined by the general statute of limitations governing personal injuries in the forum state."[3]  In Texas, the Texas Civil Practice and Remedies Code sets out statutes of limitations.  That statute provides that claims must be brought "not later than two years after the day the cause of action accrues."[4]  Under Texas law, the statute of limitations begins to run when legal injury occurs.[5]

According to the complaint, Parks's legal injury occurred when the alleged strip search occurred on September 23, 2006.  Two years after September 23, 2006 is September 9, 2008.  Parks initiated this lawsuit on December 19, 2011.  That date is outside the two-

---

[2]42 U.S.C. § 1983.

[3]*Price v. City of San Antonio*, 431 F.3d 890, 892 (5th Cir. 2005).

[4]Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon Supp. 2006).

[5]*See FDIC v. Dawson*, 4 F.3d 1303, 1311 (5th Cir. 1993) (referring to "the longstanding Texas rule that the tort statute of limitations begins to run when the tort is committed, absent a statute to the contrary or fraudulent concealment"); *Robinson v. Weaver*, 550 S.W.2d 18, 19 (Tex. 1977) (explaining that unless the discovery rules applies, "a cause of action generally … accrue[s] at the time when facts come into existence which authorize a claimant to seek a judicial remedy" and stating that in a personal injury case, "this means when the wrongful act effects an injury, regardless of when the claimant learned of such injury").

year limitations period.  Because Parks initiated this case after the limitations period

expired, Park's claim is barred by limitations.  A claim that is barred by limitations fails to

state a claim upon which this court may grant relief.

Although Parks's claim is barred by limitations, I determined through a show cause

order that there is another reason Parks's claim is barred.  Initially, I issued a show cause

order to ascertain any basis for tolling the limitations period.[6]  Parks responded and

complained about the settlement of a class action lawsuit about strip searches following

misdemeanor arrests.[7]  News of the settlement appeared to motivate Parks's lawsuit.

The Chief Judge approved the settlement of the class action lawsuit on January 12,

2011.  The settlement judgment identified class members as "pre-trial detainees confined to

the Bexar County Adult Detention Center between November 15, 2005 and April 9, 2009

who were subjected to strip search before being sent to jail housing after being booked on

misdemeanor or other minor charges."[8]  This class applies to Parks because he alleges he

was booked at the Bexar County Adult Detention Center on September 23, 2006 "under a

misdemeanor charge of poss[ession] of marijuana" and illegally strip searched.

Before the settlement was approved, notice was sent to all known and potential

class members.  Class members had until March 16, 2011 to submit a claim.  Any class

member who wished to be excluded from the settlement could opt-out and pursue his

---

[6]Docket entry # 4.

[7]Docket entry # 5.

[8]Cause No. SA-07-CV-928-FB, *Jackson v. The County of Bexar*, docket entry # 128, ¶ 20.

own lawsuit.  The judgment approving the settlement specifically provided that all settlement class members "who have not timely filed an opt-out request are deemed to have waived any rights or benefits under the Settlement Agreement and are barred and enjoined from commencing any claim or actions, individually or as a class action, that is based upon or related to the strip search, booking process and related incidents that are subject of the Settlement Agreement."  Under this judgment, if he failed to opt-out, Parks waived his claim and is now enjoined from filing his own lawsuit.  If he did opt-out, his claim is barred by limitations.  In either case, Parks failed to state a claim upon which relief may be granted.

**Recommendation**.  I recommend dismissing this case as time-barred and/or  barred by the settlement judgment.  If the court accepts this recommendation, Parks's motion for appointment of counsel (docket entry # 6) will be moot.

**Instructions for Service and Notice of Right to Object/Appeal**.  The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.[9]  Such party shall file the objections with the clerk of the

---

[9]28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

4

court, and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[10]  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.

        **SIGNED** on February 17, 2012.


                                        *Nancy Stein Nowak*
                                        _____
                                        NANCY STEIN NOWAK
                                        UNITED STATES MAGISTRATE JUDGE


_____

        [10]*Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).